UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROBERT L. MILLER, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 3:05-CV-169 CAN |
| ) | |
| WYNDHAM INTERNATIONAL, ) | |
| INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER AND OPINION**

This case arises out of a products liability claim asserted against Defendant Sevylor, Inc. On February 1, 2006, Plaintiff filed a motion to exclude the testimony of Defendant's expert, J.L. Hunsucker, Ph.D. For the following reasons, Plaintiff's motion [Doc. No. 43] is **DENIED**.

**I.   RELEVANT BACKGROUND**

Defendant manufactures float rings.  On March 27, 2003, Plaintiff was using one of Defendant's products at a water park when he slipped and fell backwards onto the ring.  The ring allegedly flipped back towards the Plaintiff.  Plaintiff asserts that the handle of the ring hit him in the left eye, causing him to lose vision.

Defendant disclosed that Dr. Hunsucker, a pool safety expert, would serve as its expert witness. Dr. Hunsucker has a masters in Industrial Engineering and is a member of the ANSI 9 standard writing committee for aquatic attractions.  Furthermore, Dr. Hunsucker has written numerous articles on aquatic safety.  In preparing his expert report, Dr. Hunsucker did not personally examine the float ring.  However, Dr. Hunsucker did examine the patent of the handle, the report of Dr. Robt. M. Branch, and various faxes of photographs.

On February 1, 2006, Plaintiff filed a motion to exclude portions of Dr. Hunsucker's testimony. Plaintiff alleges that Dr. Hunsucker is merely a pool safety expert and not qualified to testify as to certain matters. Additionally, Plaintiff contends that Dr. Hunsucker's opinions are not based upon a reliable foundation and that his opinions are nothing more than bottom line conclusions. This Court may rule on Plaintiff's motion pursuant to the parties' consent and 28 U.S.C. § 636(c).

**II.   APPLICABLE LAW**

Fed. R. Evid. 702 states as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702 has liberalized the standard for qualifying as an expert witness. Wilson v. City of Chicago, 6 F.3d 1233, 1238 (7th Cir. 1993). As a threshold matter, courts must examine whether 1) the expert will testify to valid scientific knowledge, and 2) whether that testimony will assist the trier of fact in understanding or determining a fact in issue. Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 592 (1993); Smith v. Ford Motor Co., 215 F.3d 713, 718 (7th Cir. 2000) (holding that "the district court must consider whether the testimony will assist the trier of fact with its analysis of any of the issues involved in the case"). In Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 149 (1999), the Supreme Court held that this inquiry must be taken in all matters relating to expert testimony and not only in those which contain scientific testimony.

2

Courts must determine whether the expert is qualified in the relevant field and whether the methodology underlying the expert's conclusion is reliable.  See Ammons v. Aramark Uniform Services, Inc., 368 F.3d 809, 816 (7th Cir. 2004).  A witness does not need to put forth testimony in a scientific or technical manner to be considered an expert.  Tuf Racing Products, Inc. v. American Suzuki Motor Corp., 223 F.3d 585, 591 (7th Cir. 2000).  Experts can be qualified to testify based upon personal experience and knowledge, so long as the experience and knowledge is reliable. Kumho Tire, 526 U.S. at 150; Smith, 215 F.3d at 718; Tuf Racing, 223 F.3d at 591.  A court should examine the full range of practical experience and technical training, as well as examine the methodology used in reaching a conclusion when deciding whether an expert is qualified to testify.  Smith, 215 F.3d at 718.  However, offering only a bottom line conclusion does not assist the trier of fact and should not be admitted.  Zenith Electronics Corp. v. WH-TV Broadcasting Corp. 395 F.3d 416, 420 (7th Cir. 2005); Lennon v. Norfolk and Western Ry. Co., 123 F.Supp.2d 1143, 1147 (N.D. Ind. 2000).

A district court must act as a "gatekeeper" to ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable. Ramsey v. Consolidated Rail Corp. 111 F.Supp.2d 1030, 1036 (N.D. Ind. 2000).  It is not the responsibility of the trial court to determine whether the expert's opinion is correct.  Smith, 215 F.3d at 719.  The factual underpinnings of the analysis and the correctness of the conclusions are matters to be determined by the trier of fact.  Id. at 718.

**III.     PLAINTIFF'S MOTION TO EXCLUDE DR. HUNSUCKER'S TESTIMONY**

     A.     <u>Dr. Hunsucker is a Qualified Expert</u>

As a threshold question, this Court must examine whether Dr. Hunsucker qualifies as an expert witness. While Dr. Hunsucker may not be directly involved with the manufacturing of the float rings, Dr. Hunsucker's curriculum vitae does illustrate that he has had substantial experience with aquatic safety and water parks. In accordance with <u>Smith</u>, this practical experience and knowledge is sufficient to qualify Dr. Hunsucker as an expert in this field.

In addition, Plaintiff suggests that Dr. Hunsucker's opinions are not reliable because he did not personally examine the float rings. However, as this is a product design case and not a defective product case, the photographs, patent drawings, and other expert reports that Dr. Hunsucker relied upon provided a sufficient basis upon which to formulate his expert opinion. Therefore, Dr. Hunsucker qualifies as an expert to testify in this case.

     B.     <u>Dr. Hunsucker's Opinions</u>

In reviewing Plaintiff's motion to exclude Dr. Hunsucker's opinions, this Court acknowledges the difficulty in determining the exact nature of Dr. Hunsucker's proposed testimony as neither party has taken Dr. Hunsucker's deposition. Thus, this Court must rely solely upon Dr. Hunsucker's curriculum vitae and the parties' speculations about what Dr. Hunsucker will say.

From the parties' filings, it appears that Dr. Hunsucker's proposed testimony may fall into one of three categories. The first is general information about water park safety. If Defendant is able to lay the appropriate foundation at trial that Dr. Hunsucker is an expert in this

4

area, this Court is inclined to permit this type of testimony because his curriculum vitae illustrates that he may have knowledge and experience with water parks.

The second category of information is observational opinions which contain statements of facts. For example, Dr. Hunsucker states that the handle is round, not sharp. This type of information does not necessarily require a higher level of expertise and may not possess significant value. However, if Defendant can illustrate, in the context of trial, the relevancy and value of such testimony, opinions of this nature may be admitted.

Finally, the third category of information contains those opinions which touch on the design features of the float rings. Without the aid of any foundational testimony regarding Dr. Hunsucker's credentials, it does not appear from his curriculum vitae that Dr. Hunsucker would be an expert in this area. Nothing on his curriculum vitae suggests that he has experience in the design and manufacture of float rings. As a result, without laying the proper foundation, testimony of this nature may be outside the scope of Dr. Hunsucker's expertise. This Court is not inclined to allow testimony of this nature without the proper foundation being laid.

In conclusion, because the record has not been completely developed as to Dr. Hunsucker's credentials and because the parties are speculating as to Dr. Hunsucker's testimony, this Court finds that Plaintiff's objections would be more appropriately raised during the course of the trial when this Court has had the opportunity to put Dr. Hunsucker's testimony into the appropriate context. Hence, this Court **DENIES** Plaintiff's motion to exclude Dr. Hunsucker's testimony. Plaintiff may renew his objections at the appropriate time during the trial.

**IV.    CONCLUSION**

For the aforementioned reasons, this Court **DENIES** Plaintiff's motion to exclude the expert testimony of Dr. Hunsucker [Doc. No. 43].

**SO ORDERED.**

Dated this 16th Day of February, 2006.

s/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge
